United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUMIT ROY, individually and on behalf of all others similarly situated,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>WELLS FARGO BANK, N.A.,<br><br>　　　　　Defendant. | Case No. 14-cv-04661-SC<br><br>ORDER DENYING MOTION TO STRIKE |

**I. INTRODUCTION**

　　Now before the Court is Defendant Wells Fargo Bank, N.A.'s ("Wells Fargo") motion to strike class allegations. ECF No. 16. The motion is fully briefed.[1] Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for disposition without oral argument. For the reasons set forth below, Defendant's motion is DENIED.

///

---

[1] ECF Nos. 18 ("Opp'n"), 19 ("Reply").

## II. BACKGROUND

Plaintiff Sumit Roy lives and works in California. ECF No. 1 ("Compl.") ¶ 11. In February of 2013, Mr. Roy contacted Wells Fargo to ask for information about a business line of credit. He determined that he was not ready to apply. Id. ¶¶ 23-24. In April 2014, a Wells Fargo employee emailed Mr. Roy, asking whether Mr. Roy was ready to apply for a business credit line. Id. ¶ 25. Mr. Roy was still not sure whether he wanted to open a business credit line, so he asked for more information. Id. ¶¶ 26-27. He reviewed the information and informed Wells Fargo's employee that he didn't want to open a new line of credit. Id. ¶ 28. On April 11, 2014, Mr. Roy received a credit alert notifying him that Wells Fargo had made an inquiry into his credit. Id. ¶ 29.

Mr. Roy brought this lawsuit on October 20, 2014, alleging that Wells Fargo violated the Fair Credit Reporting Act ("FCRA"). 15 U.S.C. § 1681, et seq. FCRA permits consumer reporting agencies to "furnish a consumer report under [certain enumerated] circumstances and no other . . . ." Id. § 1681b(a). "Any person who is negligent in failing to comply with any requirement imposed under [FCRA] with respect to any consumer is liable to that consumer" for actual damages, as well as costs and attorney's fees. Id. § 1681o(a). Mr. Roy claims that Wells Fargo violated Section 1681b because it requested his consumer report information for reasons other than those permitted by that Section.[2]

---

[2] FCRA defines a "consumer reporting agency" as "any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties." 15 U.S.C. § 1681a(f). As discussed above, Section 1681b

2

On December 17, the parties stipulated to extend Wells Fargo's time to respond to the complaint to January 20.  Wells Fargo filed neither an answer nor a motion to dismiss, but instead filed this motion on January 20.  The motion seeks, pursuant to Federal Rule of Civil Procedure 12(f), to strike the class allegations in the complaint because Wells Fargo believes those allegations to be legally insufficient.  See Mot. at 3.

### III. DISCUSSION

There is a split in this District as to whether a motion to strike class action allegations may be entertained at the motion to dismiss stage.  Several judges have held that they may not be.  See Tasion Commc'ns, Inc. v. Ubiquiti Networks, Inc., C-13-1803 EMC, 2014 WL 1048710, at *3-4 (N.D. Cal. Mar. 14, 2014) (Chen, J.) (denying motion to strike class action allegations because Rule 12(f) is not the proper vehicle for such a motion); Clerkin v. MyLife.Com, C 11-00527 CW, 2011 WL 3809912, at *3 (N.D. Cal. Aug. 29, 2011) (Wilken, J.) ("Defendants fail to identify any authority permitting the use of a motion to dismiss for failure to state a claim to contest the suitability of class certification."); Astiana v. Ben & Jerry's Homemade, Inc., C 10-4387 PJH, 2011 WL 2111796, at *13-14 (N.D. Cal. May 26, 2011) (Hamilton, J.) ("[S]uch a motion appears to allow a determination of the suitability of proceeding as a class action without actually considering a motion for class certification."); Swift v. Zynga Game Network, Inc., C 09-05443

---

applies to consumer reporting agencies, allowing them to "furnish a consumer report" only under certain circumstances.  The complaint does not allege that Wells Fargo ever furnished any consumer reports, only that Wells Fargo requested Mr. Roy's report.

3

SBA, 2010 WL 4569889, at *10 (N.D. Cal. Nov. 3, 2010) (Armstrong, J.) (denying motion to strike class action allegations based on Ninth Circuit precedent indicating that Rule 12(f) is not the proper vehicle for such a motion).

    Other judges have held that a motion to strike class action allegations may be brought (but granted only rarely) at the motion to dismiss stage. See Allagas v. BP Solar Int'l Inc., C 14-00560 SI, 2014 WL 1618279, at *3 (N.D. Cal. Apr. 21, 2014) (Illston, J.) ("A defendant may move to strike class actions prior to discovery where the complaint demonstrates a class action cannot be maintained on the facts alleged therein."); In re Apple, AT & T iPad Unlimited Data Plan Litig., C-10-02553 RMW, 2012 WL 2428248, at *2-3 (N.D. Cal. June 26, 2012) (Whyte, J.) (motions to strike class action allegations may be brought at the motion to dismiss stage but are disfavored); Sanders v. Apple Inc., 672 F. Supp. 2d 978, 990 (N.D. Cal. 2009) (Fogel, J.) ("Where the complaint demonstrates that a class action cannot be maintained on the facts alleged, a defendant may move to strike class allegations prior to discovery."). Even these judges, however, have applied a very strict standard to motions to strike class allegations on the pleadings. Only if the court is "convinced that any questions of law are clear and not in dispute, and that under no set of circumstances could the claim or defense succeed" may the allegations be stricken. In re iPad Unlimited Data Plan Litig., 2012 WL 2428248 at *2; see also Allagas, 2014 WL 1618279, at *3; Sanders, 672 F. Supp. 2d at 990. Of these judges, only Judge Fogel actually granted a motion to strike.

    The Court agrees with the reasoning from Tasion. Both the

4

text of Rule 12(f) and Ninth Circuit precedent agree that a court may strike from a pleading only "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f); see also Whittlestone, Inc. v. Handi-Craft Co., 618 F.3d 970, 973 (9th Cir. 2010) (district court erred in striking claim for damages via Rule 12(f) because "none of the five categories [in Rule 12(f)] covers the allegations in the pleading sought to be stricken . . . .").

The class allegations in Plaintiff's complaint are not an insufficient defense, redundant, immaterial, impertinent, or scandalous.  Indeed, Wells Fargo does not claim that the class allegations fit any Rule 12(f) category; Wells Fargo argues only that the class allegations are legally insufficient.  Because Wells Fargo's motion is an improper Rule 12(f) motion to strike, it is DENIED.

## IV. CONCLUSION

The Court finds that Wells Fargo's motion to strike is an improper motion and not permitted by the Federal Rules of Civil Procedure.  The motion is DENIED.


IT IS SO ORDERED.


Dated: March GÍ, 2015                      _____
                                           UNITED STATES DISTRICT JUDGE